FELLOWS *and Wife* v. DOW.

The right to redeem a homestead from a mortgage executed by husband and wife, releasing all rights of homestead, is an interest of the debtor in the homestead, and an interest in which the statute gives a homestead right.

The homestead right is excepted, by the bankrupt law, from the operation of the conveyance to the assignee.

The homestead right in the right to redeem land from a homestead mortgage is not impaired by the declaration of *s.* 18 of *c.* 124 of the Gen. St., that the provisions of the homestead law "shall not apply to any judgment on any note or mortgage executed by the debtor and his wife."

When a homestead mortgage is purchased by one who owns the equity of redemption, subject to the debtor's homestead right in the equity, the mortgage is not merged or discharged, but is upheld for the security of the purchaser.

When a mortgagor's agent, having a sufficient sum of money to pay the whole amount due on the mortgage, in the presence of the holder of the mortgage, counts out from that sum and tenders to him the amount of the debt, interest, and costs, not including some legal incidental charges not then thought of, and offers to pay all that is legally due, but the holder of the mortgage, not objecting to the kind or amount of money, and not looking at it, refuses to take the amount due, the tender is sufficient for the preservation of the mortgagor's rights.

BILL IN EQUITY, for a homestead, and an account of rents and profits. Facts found by the court. Mr. Fellows, owning the premises, and occupying them as a homestead, subject to two homestead mortgages signed by himself and wife, and being adjudged a bankrupt, his assignee sold the equity of redemption to the defendant. The defendant afterwards bought the mortgages, obtained judgments upon them, and caused the judgments to be enforced by the execution of writs of possession. When the writs were executed, the plaintiffs' agent, having money sufficient for the purpose, offered to pay the defendant the mortgage debts, interest, and costs, and all that was legally due, and counted out and tendered to him the amount of the debts, interest, and cost, not including counsel fees (in the foreclosure suits) paid by the defendant, nor a tax paid by him. The defendant, denying the plaintiffs' homestead right, refused to receive the amount due, and did not look at or object to the kind or amount of the money tendered. Since the tender, the plaintiffs have always been ready and willing to pay to the defendant the whole amount due him.

*Flint* and *Barnard*, for the plaintiffs.

*Eastman, Page & Albin*, for the defendant.

DOE, C. J. The right to redeem a homestead from a mortgage executed by husband and wife, releasing all rights of homestead, is an interest of the debtor in the homestead, and an interest in which the statute gives a homestead right. And this right is excepted, by the bankrupt law, from the operation of the conveyance to the assignee.

The provisions of the homestead law do "not apply to any judgment on any note or mortgage executed by the debtor and his wife." Gen. St., *c.* 124, *s.* 18; Laws of 1851, *c.* 1089, *s.* 5. The homestead is not exempted from the process by which such a judgment is enforced. The officer executing the process cannot be required to set off a homestead. But the debtor's right to redeem the land, after judgment, is not taken away, and the homestead right in the equity of

redemption is not impaired. When the debtor's right of redemption is exercised after judgment, the judgment ceases to obstruct the homestead right. *Norris* v. *Morrison*, 45 N. H. 490, 498.

When the defendant, owning the equity of redemption subject to the plaintiffs' homestead right, bought the mortgages, the mortgages were not thereby discharged; but they were kept on foot because justice required that the plaintiffs' homestead right in the equity of redemption should not, by a discharge of the mortgages, be enlarged into an absolute homestead right in the land.

The tender was sufficient for the preservation of the plaintiffs' rights (*Brown* v. *Simons*, 44 N. H. 475), and they are entitled to a decree for a homestead. After the judgments were rendered on the mortgages, there remained a homestead right in the equity of redemption ; and this right was not lost by the transfer of the debtor's attachable property to the assignee in bankruptcy. Upon payment or tender, to the judgment mortgagee (the defendant), of the amount due on the judgments, the plaintiffs had a homestead right in the land. The defendant acquired, by purchase from the assignee, a right of redemption, subject to the plaintiffs' homestead right in that right of redemption. As between the two rights of redemption, that of the plaintiffs is the superior one, to the extent of holding a homestead in the land after they redeem the land from the mortgages: that of the defendant is the superior one, to the extent of holding all the land except the homestead after he redeems the land from the mortgages.

Suppose a circuitous adjustment of the rights of the parties: Under a decree in this case, a homestead is assigned to the plaintiffs; the defendant accepts the amount due on the mortgages; the mortgages pass, by equitable assignment, to the plaintiffs; the plaintiffs hold the mortgages, and the assigned homestead; the defendant holds an equity of redemption, subject, as it always was, to the plaintiffs' homestead right;—the defendant then exercises his right of redemption by paying back to the plaintiffs the amount he received from them, and holds all the land except the homestead,—the plaintiffs' mortgage-releases of their homestead rights not passing to him by equitable assignment, after they have exercised their superior right of redeeming the land and obtaining a homestead.

The plaintiffs having the right, and being able and willing, to redeem the land, and having made a tender, it is not necessary to consider various questions of merger and contribution that have been raised in *Norris* v. *Morrison*, 45 N. H. 490, and other cases.

If, upon facts to be found at the trial term, it shall appear that Mr. Fellows ought not to have been joined as a plaintiff, the bill may be dismissed as to him.

*Case discharged.*