## STRAFFORD *v.* WELCH.

A town owing a note is not bound by the agreement of one of its select-men to give the holder a year's notice before payment.

The holder of a note is bound by an implied agreement to receive payment when it is due; and by refusing to receive payment when due, in violation of his agreement, he cannot impose an unreasonable burden upon the payer.

When a creditor prevents payment by wrongfully refusing to accept it, and afterwards demands it, the debtor is entitled to a reasonable opportunity to comply with the demand.

A tender to the holder of a note of the amount due on it is valid, though made with the condition that the note shall be given up.

After a tender of the amount due on a note, the maker can maintain a bill in equity against the holder for its possession.

BILL IN EQUITY, for the surrender of an overdue note; signed by the plaintiff and held by the defendant. Facts found by the court. A short time before the note became due, Foye, a select-man of the plaintiff town, called upon the defendant and told him it would not be convenient to pay the note at maturity. The defendant said that the note might remain if the town would give him a year's notice when they wished to pay it. It did not appear that the other selectmen ever knew of or assented to this arrange-ment. About seven years afterwards, Scott, one of the selectmen, offered .to pay the note, but the defendant said he had left it in Boston. Scott proceeded to count the money out, when the defendant started off. Scott held out to him $11,866 in legal

tender notes, the amount then due being $11,744.33, saying that he tendered it on the note, and as the defendant left the house Scott demanded the note.    Afterwards Perry, the town treasurer, tendered the defendant $11,750 in legal tender notes, and demanded the note.    The defendant would not take the money, said the note was out of his hands, and refused to tell where it was.    Perry testified that he did not intend to pay the note without its surrender or a receipt, but did not so inform the defendant.    The same money tendered was deposited in the Rochester National Bank, where it has remained ever since ; and about ten months afterwards, Scott, at that time town treasurer, gave the defendant written notice that the money was on deposit in the Rochester National Bank, ready for him when called for.    The defendant took the notice, but refused to read it, and said he had transferred the note, but it was where he could get it.    Upon none of the three occasions did he claim that he was entitled to a year's notice of payment, or object to the amount or kind of money tendered him. He now claims that he was entitled to gold.    The money was not in court at the time of the hearing, but the plaintiff offered to produce it if the defendant made any question on that point.

*Eastman* and *Hall*, for the plaintiffs.

The defendant having refused to take the money, it was unnecessary to count it out.    *Sargent* v. *Graham*, 5 N. H. 442 ; *Otis* v. *Barton*, 10 N. H. 433.    He cannot now object that the money was not in gold, having made no objection then.    *Cummings* v. *Putnam*, 19 N. H. 569 ; *Sargent* v. *Graham*, *supra*.    He waived by his conduct the objection that the note was out of his hands.    *Richardson* v. *Jackson*, 8 Mee. & W. 298 ; *Cole* v. *Blake*, 1 Peake 238 ; *Moynahan* v. *Moore*, 9 Mich. 9.    The tender is valid, even if made with the condition of the surrender of the note.    *Wilder* v. *Seelye*, 8 Barb. 408; *Storey* v. *Krewson*, 55 Ind. 397, 400 ; *Stone* v. *Clough*, 41 N. H. 290 ; 2 Pars. Cont. 644.    The plaintiff is entitled to the note.    *Stone* v. *Clough*, *supra* ; *Otisfield* v. *Mayberry*, 63 Me. 197, 199 ; *Eastman* v. *Potter*, 4 Vt. 313 ; Story Prom. Notes, *s.* 115. He may maintain a bill in equity for its possession.    Story Eq., *ss.* 700, 705 ; *Hamilton* v. *Cummings*, 1 Johns. Ch. 517, 522.

*Smith*, for the defendant.

The town has had the benefit of the extension of payment, and should not be permitted to repudiate the condition of the extension.    *Hovey* v. *Blanchard*, 13 N. H. 145.    The tender was invalid, because accompanied by a demand for the note.    The tender was not kept good.    *Frost* v. *Flanders*, 37 N. H. 552.    A tender will not discharge a debt, although it may stop the accruing of interest.    *Stowell* v. *Read*, 16 N. H. 20.

DOE, C. J. If the selectman, Foye, and the defendant, had agreed that the town should give a year's notice of payment, that agreement would have been no defence. That contract could not be made for the town by one selectman. *Horn* v. *Whittier*, 6 N. H. 88 ; *Henniker* v. *Wyman*, 58 N. H. 528. There was some evidence on the queston whether all the selectmen assented. *Glidden* v. *Unity*, 33 N. H. 571, 579. But their assent was not proved. It is one of the facts stated in the reserved case, that the court did not find the assent of two selectmen; and the question of the effect of their assent does not arise. On two occasions, when the defendant refused to take the money, and attempted to avoid a tender of it, he did not claim a year's notice of payment, nor suggest that he was entitled to such notice. On one of those occasions, he said he had left the note in Boston; and on the other, he said it was out of his hands, and refused to tell where it was. At another time, nearly a year after the first tender, he refused to read the notice of deposit given him by the plaintiffs' treasurer, said he had transferred the note, but it was where he could get it, and said nothing of a year's notice of payment.

For the purpose of this case, the tender made by Scott was sufficient. *Brown* v. *Simons*, 44 N. H. 475, 477 ; *Heywood* v. *Hartshorn*, 55 N. H. 476; *Fellows* v. *Dow*, 58 N. H. 21. The sum in Scott's hands was greater than the amount of the note, and the defendant could not avoid a tender by unnecessarily going away without giving him a reasonable opportunity to offer the exact amount due. The strictness of the ancient rule of tender is justly relaxed upon a correct view of the contract and legal rights of the parties. The owner and holder of a note is bound, by implied contract, to receive payment when it is due. It is not his right to harass the debtor by definite or indefinite postponements. When the debt is due, the debtor has a legal right to pay it. Their implied contract on this point is a reasonable one ; and it would be materially altered by the insertion of a stipulation that the creditor, by refusing to take the money when due, may put upon the debtor a substantial and unreasonable burden. By wrongfully refusing to take the money, the creditor violates his own contract and the debtor's right. By such a wrong, he cannot put upon the debtor an unreasonable burden of keeping the tendered money. There is other money as good as that. If the creditor prevents payment by wrongfully refusing to accept it, and afterwards demands it, the debtor is entitled to a reasonable opportunity to comply with the demand.

When the defendant, by going away, refused to take the money, Scott demanded the note, but did not make its surrender a condition of payment. *Buffum* v. *Buffum*, 11 N. H. 451, 456. But as it was a part of the implied contract, that if the defendant could he would return the note when due and paid, and as he was able to return it, the tender would have been good if it had been made

with such a condition.   *Stone* v. *Clough*, 41 N. H. 290 ; *Heywood*
v. *Hartshorn*, 55 N. H. 476.   What the parties would have been
bound by their implied agreement to do if the note had been lost,
is not material in this case.

For reasons stated in authorities cited in argument, the plaintiff
is entitled to equitable relief upon the ordinary ground of want of
an adequate remedy at law.   And it would seem that the bill can
be maintained upon *s.* 2, *c.* 209, Gen. Laws, which authorizes pro-
ceedings in equity for the restoration of a chattel unlawfully with-
held from the owner.   The plaintiff could have maintained trover
against the defendant for the note, on the ground that payment or
tender by the payer to the payee and holder vested the title of the
note as a chattel in the payer as against the payee.   When the
note was given, the understanding of the parties was, that when
payment, being due, should be made or tendered, the note should
not remain in the hands of the defendant, where it would be evi-
dence of non-performance of the plaintiff's contract, but should be
given up as a chattel belonging to the plaintiff.   Between these
parties, since payment was tendered, the note has been a chattel of
the plaintiff wrongfully withheld from the owner by the defendant.

When the amount due at the time of Scott's tender is deposited
with the clerk of the court for the defendant, a decree will be made
for a surrender of the note.

*Demurrer overruled, and case discharged.*

CLARK, J., did not sit: the others concurred.